UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SELECT REHABILITATION, LLC,

    Plaintiff,

v.

SANA HEALTH, INC. d/b/a ABERDEEN
REHABILITATION AND SKILLED
NURSING CENTER,

    Defendant.
_____/

Case No. 17-13734

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT SANA HEALTH, INC.'S
MOTION TO DISMISS [10]**

Plaintiff Select Rehabilitation, LLC brings this action against Defendant Sana Health, Inc. d/b/a Aberdeen Rehabilitation and Skilled Nursing Center alleging breach of contract and unjust enrichment. Plaintiff claims that it provided therapy services to Defendant pursuant to the terms of an agreement, and that Defendant failed to compensate Plaintiff for those services. Currently before the Court is Defendant's motion to dismiss (Dkt. # 10), which has been fully briefed. The Court heard oral argument on the motion on April 25, 2018. For the reasons stated below, the Court DENIES Defendant's motion to dismiss.

**I.    FACTS**

Plaintiff is in the business of providing therapy services in a variety of settings, including skilled nursing facilities, hospitals, and outpatient centers. Defendant operates a skilled nursing facility in Trenton, Michigan. Plaintiff alleges that Defendant's failure to pay Plaintiff for therapy services constitutes a material breach of their agreement. Plaintiff

also claims that Defendant has been unjustly enriched to Plaintiff's detriment by failing to tender payment for the therapy services that Plaintiff provided.

According to the First Amended Complaint, from December 2016 to May 2017, Plaintiff provided speech, physical, and occupational therapy services to the residents and patients of Defendant pursuant to the terms of a Rehabilitation Outsourcing Agreement, attached to the First Amended Complaint as Exhibit A. Plaintiff alleges that Defendant accepted these therapy services. Plaintiff further alleges that it submitted invoices to Defendant for payment for these services as follows: (1) Invoice No. P33904, dated February 2, 2017, in the amount of $49,049.52; (2) Invoice No. P34508, dated March 2, 2017, in the amount of $58,004.83; (3) Invoice No. P35054, dated April 4, 2017, in the amount of $66,936.26; (4) Invoice No. P35687, dated May 2, 2017, in the amount of $57,961.14; and (5) Invoice No. P36025, dated May 18, 2017, in the amount of $15,111.92. According to the First Amended Complaint, Defendant received and accepted all of the services provided by Plaintiff set forth in the invoices and has refused to pay the invoices despite demands by Plaintiff to do so.

The Agreement attached to the First Amended Complaint identifies Plaintiff and Defendant as the contracting parties. (Dkt. # 8-1, Pg ID 61). Exhibit A to the Agreement lists the services that Plaintiff is to provide to Defendant under the terms and conditions of the Agreement. *Id.* at Pg ID 80, 61. These services include: physical, occupational, and speech direct therapy services, therapy related documentation, evaluations, and patient care conferences; implementation and monitoring of therapy policies and procedures, and of compliance with documentation and billing requirements; provision of appropriate supervision of therapists and assistants; implementation of quality audit systems;

participation in care conferences and caregiver education; participation in the completion of the MDS 3.0; provision of minute tracking logs; and provision of CPT codes. *Id.* at Pg ID 80. Under the express terms of the Agreement, Defendant, the Facility, is to pay Plaintiff "the full invoiced amount within thirty (30) days following the date of the Select Rehabilitation invoice . . . ." *Id.* at Pg ID 67. The Agreement attached to the First Amended Complaint is not signed by either party. *See id.* at Pg ID 79.

Defendant now moves to dismiss the First Amended Complaint for failure to state a claim upon which relief can be granted.

## II.   STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

Under the Supreme Court's heightened pleading standard laid out in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "a complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Estate of Barney v. PNC Bank, Nat'l Assoc.,* 714 F.3d 920, 924 (6th Cir. 2013) (internal quotation marks and citations omitted). The Sixth Circuit has explained that, "[a] claim is plausible when the plaintiff pleads factual content that allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks and citations omitted). Furthermore, while "[t]he plausibility standard is not akin to a 'probability requirement,' [] it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). If the plaintiffs do "not nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

The court primarily considers the allegations in the complaint, and "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). Additionally, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Id.* at 336. Documents not attached to the pleadings may also be considered part of the pleadings when the "document is referred to in the complaint and is central to the plaintiffs' claim.*" Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (internal quotation marks and citation omitted).

## III. ANALYSIS

### A. Breach of Contract

Defendant argues that Plaintiff's breach of contract claim must be dismissed because Plaintiff has not alleged that a valid contract existed between the parties or that the parties mutually agreed to the terms of the unexecuted Agreement attached to the First Amended

4

Complaint.

Plaintiff responds that it properly pled the existence of a contract. Plaintiff also argues that an agreement can exist between parties without signatures, and that by accepting the therapy services and the invoices, Defendant assented to the terms of the Agreement.

Defendant replies that the alleged failure to pay and lack of signature demonstrate that Defendant never assented to the terms of the Agreement. Defendant argues that unexecuted agreements are unenforceable and non-binding.

To state a claim for breach of contract in Michigan, a plaintiff must allege: (1) the existence of a valid contract, (2) the terms of the contract, (3) breach of the contract, and (4) an injury caused by the breach. *See Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999). The only element at issue here is the existence of a valid contract. The essential elements of a valid contract are: (1) parties competent to contract, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation. *Detroit Tr. Co. v. Struggles*, 289 Mich. 595, 599 (1939). The only element of a valid contract at issue here is mutuality of agreement, or whether there was mutual assent by the parties.

With respect to conduct as manifestation of assent, the Restatement (Second) of Contracts provides as follows.

> (1) The manifestation of assent may be made wholly or partly by written or spoken words or by other acts or by failure to act.
>
> (2) The conduct of a party is not effective as a manifestation of his assent unless he intends to engage in the conduct and knows or has reason to know that the other party may infer from his conduct that he assents.
>
> (3) The conduct of a party may manifest assent even though he does not in fact assent. In such cases a resulting contract may be voidable because of

5

fraud, duress, mistake, or other invalidating cause.

Restatement 2d Contracts § 19 (1981). "It is the objective manifestation of assent that is determinative, not the subjective intention of the party." *Detroit Tigers, Inc. v. Ignite Sports Media, LLC*, 203 F. Supp. 2d 789, 796 (E.D. Mich. 2002).

While a signature ordinarily shows assent, a valid and enforceable agreement can exist without a signature. "[P]arties may be bound by the terms of an unsigned contract when their actions demonstrate assent to the agreement."[1] *Landham v. Lewis Galoob*

---

[1] As discussed above, whether an unexecuted agreement is enforceable depends on the intentions of the parties. The cases cited by Defendant do not hold that unexecuted agreements are *per se* unenforceable. For example, Defendant cites *Intelligent Bus. Innovations, LLC v. All. Computing, Inc.*, No. 16-CV-11862, 2016 WL 4524722 (E.D. Mich. Aug. 29, 2016), for the proposition that an unexecuted agreement is unenforceable where the parties do not expressly consent to the terms of the unexecuted agreement, even where one party receives services. However, *Intelligent Bus. Innovations* involved a motion to dismiss for improper venue or to transfer the case, and based on affidavits submitted by the parties, the court concluded that an oral contract had been formed, but that the forum selection clause in the unexecuted agreement was not part of the oral contract because neither party had followed the terms of the unexecuted agreement throughout the contractual relationship. Defendant also cites *Murray v. Chrysler Grp., LLC*, No. 12-CV-14408, 2013 WL 5340782 (E.D. Mich. Sept. 23, 2013), for the proposition that a proposed, unexecuted agreement is unenforceable where a plaintiff fails to allege the terms of the agreement and the who, what, where, when, how, or why of the agreement. However, at issue in *Murray* were antitrust and tortious interference claims, and the court found that the plaintiff had failed to state a claim where he used a proposed, unexecuted severance agreement related to his own termination as the sole basis for alleging the existence of a conspiracy with regard to the employment of personnel generally, and where he had not alleged facts sufficient to raise a plausible inference that the defendants reached an anti-competitive agreement with each other. Lastly, Defendant cites *Carrington v. Carpenters Local 118*, No. 95-2407, 1997 WL 148799, 110 F.3d 63 (6th Cir. Mar. 31, 1997) (per curiam), for the proposition that an unexecuted agreement should not be given any evidentiary weight. However, *Carrington* involved an employment discrimination case at the summary judgment stage, and the court found that, despite two years of discovery, the plaintiffs had failed to produce any evidence that they were discriminated against on the basis of their race or gender. The plaintiffs had only submitted an unexecuted conciliation agreement between the defendant and the Office of Federal Contract Compliance finding that the defendant had violated an executive order that obligated the

*Toys, Inc.*, 227 F.3d 619, 624 (6th Cir. 2000); *see P & M Corp. Fin., LLC v. Paparella*, No. 10-10448, 2010 WL 3766472, at *4 (E.D. Mich. Sept. 21, 2010).

In this case, accepting the factual allegations as true and resolving the ambiguities in Plaintiff's favor, Plaintiff has adequately pled a breach of contract claim and the existence of a valid contract. Plaintiff has sufficiently alleged that, although the Rehabilitation Outsourcing Agreement attached to the First Amended Complaint was never signed, Defendant objectively manifested its assent to the Agreement by behaving as if there were a contract in force by accepting the therapy services that Plaintiff provided to the residents and patients of Defendant pursuant to the terms of the Agreement, and by accepting the five invoices setting forth the services that Plaintiff provided, which Plaintiff submitted to Defendant for payment pursuant to the Agreement.[2] The Court concludes that, at this stage of the litigation, Plaintiff has sufficiently alleged facts which make its breach of contract claim plausible; Defendant's motion to dismiss this claim is denied. *See Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 630 (6th Cir. 2009) (finding that, for purposes of a motion to dismiss, an unsigned settlement proposal attached to the complaint was sufficient detail for the court to assume that the agreement existed).

**B. Unjust Enrichment**

---

defendant to use affirmative action to employ qualified Detroit residents, minorities, females, and veterans.

[2] Defendant makes much of the fact that Plaintiff did not attach the invoices to the First Amended Complaint; however, Plaintiff's allegations regarding the invoices are sufficient at this stage. Plaintiff notes that it did not attach copies the actual invoices because they contain confidential client personal health information, and that in any event, Defendant has acknowledged that it has all of the invoices referenced in the First Amended Complaint.

Defendant next argues that Plaintiff's unjust enrichment claim must be dismissed because Plaintiff has not alleged that a benefit was conferred upon Defendant or that it would be inequitable for Defendant to retain the alleged benefit.

Plaintiff responds that the First Amended Complaint clearly outlines the benefits conferred on Defendant, and that Defendant's retention of therapy services without payment supports the conclusion that Defendant has been unjustly enriched.

To establish a claim for unjust enrichment in Michigan, a plaintiff must show: (1) receipt of a benefit by the defendant from the plaintiff, and (2) an inequity resulting to the plaintiff because of the defendant's retention of the benefit. *Belle Isle Grill Corp. v. Detroit*, 256 Mich. App. 463, 478 (2003). "If both elements are established, Michigan courts will then imply a contract to prevent unjust enrichment. However, a contract will not be implied where an express contract governing the same subject matter exists." *Joseph v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 12-12777, 2013 WL 228010 (E.D. Mich. Jan. 22, 2013). "Where a contract governs the relationship of the parties, a cause of action for unjust enrichment will not be recognized." *E3A v. Bank of America, N.A.*, No. 13-10277, 2013 WL 1499560, at *4 (E.D. Mich. Apr. 11, 2013).

Accepting the factual allegations as true and resolving the ambiguities in Plaintiff's favor, Plaintiff has adequately pled an unjust enrichment claim. According to the First Amended Complaint, Plaintiff provided speech, physical, and occupational therapy services to the residents and patients of Defendant. The attached Agreement also outlines the services that Plaintiff alleges it provided to Defendant. Plaintiff also sent Defendant five invoices for the $247,063.67 worth of therapy services that Plaintiff allegedly provided from December 2016 to May 2017. The Court finds that Plaintiff has sufficiently alleged that it

conferred a benefit upon Defendant such that Defendant is not left guessing as to what benefit was allegedly conferred upon it. Further, according to the First Amended Complaint, Defendant accepted those therapy services that Plaintiff provided, but Plaintiff has not received any remuneration for those services. The Court finds that Plaintiff has sufficiently alleged that it would be inequitable for Defendant to retain the alleged benefit. *See, e.g.*, *Harrison v. Montgomery*, No. 268642, 2006 WL 2787981, at *1 (Mich. Ct. App. Sept. 28, 2006) (unpublished) (finding that it was inequitable for the defendant to individually reap benefits of legal services without paying for those services); *Keywell & Rosenfeld v. Bithell*, 254 Mich. App. 300, 327-30 (2002).

Lastly, Defendant argues that the unjust enrichment claim must fail because Plaintiff alleges the existence of a contract. Defendant notes that Plaintiff incorporated the alleged Agreement into its claim of unjust enrichment and did not specifically state that its claim of unjust enrichment was pled in the alternative. Plaintiff responds that the Court should permit the unjust enrichment claim to go forward as an alternate theory of liability.

Rule 8 of the Federal Rules of Civil Procedure allows for alternate pleading:

(1) In General. Each allegation must be simple, concise, and direct. No technical form is required.

(2) Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

(3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

Fed. R. Civ. P. 8(d).

Rule 8 permits Plaintiff to plead alternative theories of recovery. Although Plaintiff

does not use the words "in the alternative" in the First Amended Complaint, viewing it in the light most favorable to Plaintiff, the unjust enrichment theory is alternative to Plaintiff's breach of an express contract theory. Plaintiff also makes clear in its response that the unjust enrichment claim presents an alternate theory of liability. Contrary to Defendant's assertion, the fact that the Plaintiff references the Rehabilitation Outsourcing Agreement in the unjust enrichment claim through incorporating the allegations related to the Agreement does not make the unjust enrichment claim inherently defective. *See Detroit Tigers*, 203 F. Supp. 2d at 798.

Defendant is correct that once the existence of an express contract is established, remedies under an unjust enrichment claim become unavailable. However, Defendant cannot effectively avoid suit by refusing to admit the existence of an express contract and at the same time asserting that, because a contract is alleged, an unjust enrichment claim must fail. In order to dismiss the unjust enrichment claim, Defendant would have to admit the existence of an express contract, which it has not done, or the Court or a jury would have to find that an express contract exists, which is not a proper finding for the Court to make at this stage of the litigation.

Defendant's motion to dismiss the unjust enrichment claim is denied.

### IV. CONCLUSION

For the reasons set forth above, the Court hereby DENIES Defendant Sana Health, Inc.'s Motion to Dismiss (Dkt. # 10).

SO ORDERED.

s/Nancy G. Edmunds

Nancy G. Edmunds
United States District Judge

Dated: April 30, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2018, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager